**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-4211

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

QUENTON DAMON HOLMAN,

Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:22-cr-00023-WO-1)

_____

Submitted:  May 20, 2024                     Decided:  July 24, 2024

_____

Before AGEE and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  James B. Craven, III, Durham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quenton Damon Holman appeals from his conviction for one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and his sentence of 102 months' imprisonment for that offense. On appeal, Holman has raised multiple challenges to his conviction and sentence, including, *inter alia*, that: (1) the district court erred in denying his motion to suppress evidence seized from his crossbody bag and a Hyundai passenger car; (2) evidence was fabricated against him at trial and also improperly destroyed after his conviction, in violation of his constitutional rights; (3) trial counsel provided ineffective assistance; and (4) the district court erroneously applied an obstruction of justice enhancement, U.S.S.G. § 3C1.1, when calculating his advisory Sentencing Guidelines range.

We have reviewed the record and find no reversible error.[1] Accordingly, we affirm. In addition, we deny Holman's pending pro se motions.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

---

[1] Holman also asserts the district court erred by relying on dismissed felony charges to support a Guidelines enhancement for relevant conduct under § 2K2.1(b)(6)(B). Because imposition of that enhancement was not clearly erroneous under the applicable Guidelines provisions, we affirm. We acknowledge that the United States Sentencing Commission has announced amendments to the Guidelines that may redefine "relevant conduct." However, those amendments are not yet in effect and so they have no bearing on our review. *See United States v. Banks*, 104 F.4th 496, 525 n.10 (4th Cir. 2024).

[2] Although we deny Holman's motions to proceed pro se, we previously allowed him to file a pro se brief despite being represented by counsel and we have considered the issues raised in that brief in affirming his conviction and sentence.

2

*AFFIRMED*